**SUMMIT LTD. and Wong Kit Hong, Plaintiffs,**

v.

**Harold LEVY, Defendant.**

**No. 83 Civ. 7857 (RWS).**

United States District Court, S.D. New York.

June 25, 1986.

Polatsek & Sclafani, New York City, for plaintiffs; Leonard A. Sclafani, of counsel.

Silverman & Harnes, New York City, for defendant; Joan T. Harnes, of counsel.

SWEET, District Judge.

Plaintiffs Summit Ltd. and Wong Kit Hong (collectively "Summit") have sought production of a letter dated June 18, 1980 from defendant Harold Levy ("Levy") to Ken Apfel with a copy to Richard Glickman (the "Letter"). Production has been resisted on the ground of the attorney/client privilege. The motion to produce is granted.

### Prior Proceedings

The process of resolution of this issue has been unhappy. The existence of the Letter was first noted during the deposition of Herbert Gannett, counsel to the estate of Levy's late wife. The addressee was a lawyer in Gannett's firm also re-

tained on behalf of the estate. At a conference on February 2, the Letter was produced for an *in camera* inspection and counsel for Levy was directed to substantiate the claim of privilege by February 26, the time set for the hearing of Summit's motion. No appearance for Levy was entered, and the informal letter request seeking the production was treated as a motion which was granted on February 26.

Counsel for Levy by letter of March 3 explained the default. No motion was made to stay the Gannett deposition, but the court on March 17 endorsed the letter from the defendants, treating it as a motion for rehearing and accepting the claim of privilege, subject to reconsideration.

Having worked back to square one, on April 29 Summit moved for such reconsideration to be heard on May 9. The filings in connection with the motion for reconsideration were finally submitted on June 10, 1986.

### The Exercise of the Privilege

■ By the letter of March 3, counsel for Levy asserts that Levy was the executor of his wife's estate, that the Letter was written to counsel for the estate and that Richard Glickman, who was mentioned in the Letter and received a copy of it, was "an accountant who, at defendant's request, assisted in connection with legal services rendered to the estate." Gannett, counsel to the estate, simply states by affidavit:

> Mr. Glickman, the accountant for Mrs. Levy, had rendered necessary assistance to Mr. Gannett's office in connection with certain legal matters concerning the Estate of Diana Levy, and in particular, the preparation of estate tax returns, for which my office was responsible. Mr. Glickman, at Mr. Levy's suggestion, was selected to assist my office because he already had some familiarity with Mrs. Levy's affairs.

This affidavit fails to establish Glickman as having been retained by the Gannett firm or the estate to participate in the preparation of the estate tax return. Glickman's only professional role appears to have been as an accountant for Mrs. Levy who supplied or confirmed information concerning her affairs. Of course, it is established that an accountant/client communication is not privileged. *United States v. Bein*, 728 F.2d 107 (2d Cir.1984).

■ Although no privilege attaches specifically to an accountant/client communication, such matters may be withheld if they meet the traditional requirements of the attorney/client privilege.[1] As this Circuit has explained, the application of the attorney/client privilege to communications with an accountant depends upon whether the accountant is acting as a means of translating financial data for the attorney or rather is acting as a financial advisor:

> What is vital to the privilege is that the communication be made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer.* If what is sought is not legal advice but only accounting service ..., or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.

*United States v. Kovel*, 296 F.2d 918, 922 (2d Cir.1961). The Court of Appeals further refined this test in the *Bein* case where it held that discussions between a client and accountant are not privileged merely because they concern the same subject matter as other communications between the accountant, the client and his attorney. 728 F.2d at 113.

■ A review of the letter and the accompanying affidavit of Gannett does not establish that the communications between Levy and Glickman recounted in the letter were made at the direction of the attorney for the purpose of obtaining legal advice. While Gannett states that Glick-

---

1. The privilege attaches "(1) where legal advice of any kind is sought (2) from a professional legal advisor or in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived ..." *See Bein, supra,* 728 F.2d at 112.

man provided assistance in connection with legal matters concerning the estate of Diane Levy, it also appears that Glickman was a regular financial counselor to the Levys as their accountant. Gannet has set forth no knowledge as to why Glickman was consulted regarding the matters discussed in the letter or even why Glickman was sent a copy of the letter. No affidavit has been submitted by Levy. The privilege should not be extended on the basis of an equivocal link between the attorney and accountant. *See In re Horowitz*, 482 F.2d 72, 81 (2d Cir.1973) (attorney/client privilege an obstacle to the investigation of the truth and ought to be "strictly confined within the narrowest possible limits consistent with the logic of its principle") (*quoting* 8 Wigmore, *Evidence* § 2291).

Further, there is nothing in this record to establish that the information conveyed was confidential and intended to be so. *See Horowitz, supra*, 482 F.2d at 81–82. Indeed, the Letter states that the actions taken were after a review with Glickman on the matters described, a review which is outside the privilege and cannot be covered by a subsequent letter to counsel.

The Letter will be produced.

IT IS SO ORDERED.