**Clifford RAY and Louise Ray, individually and as the natural guardians of their minor children, Randy Ray, Robert Ray and Ricky Ray, Plaintiffs,**

v.

**CUTTER LABORATORIES, DIVISION OF MILES, INC., and Armour Pharmaceutical Co., Defendants.**

**Civ. Nos. 88–693–CIV–T–17(A), 88–694–CIV–T–17 and 88–695–CIV–T–17.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 19, 1990.

See also 744 F.Supp. 1124.

Judith S. Kavanaugh, Peeples, Earl & Blank, and Robert L. Parks, Anderson, Moss, Parks & Russo, Elizabeth Koebel Russo, Elizabeth Russo, P.A., Miami, Fla., for plaintiffs.

Duncan Barr, Christopher Bayuk, O'Connor, Cohn, Dillon & Barr, San Francisco, Cal., Patricia E. Lowry, Steel, Hector Davis Burns & Middleton, West Palm Beach, Fla., for Cutter Laboratories.

Thomas M. Burke, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, P.A., Orlando, Fla., for Armour Pharmaceutical Co.

## ORDER

KOVACHEVICH, District Judge.

This cause is before this Court upon Defendant Cutter's objection to Magistrate Paul Game's ruling that Cutter inadvertently waived the attorney-client privilege with respect to an in-house memorandum now in Plaintiffs' possession. Defendant Cutter also objects to Magistrate Game's order denying a rehearing or, in the alternative, a modification of the original ruling.

Defendant Cutter raises one specific argument to the Magistrate's order. Noting that the Magistrate ruled that the memorandum had been accidentally disclosed to the Plaintiffs, Defendant argues that the Magistrate applied incorrect law in determining that the attorney-client privilege

had been waived. Defendant alleges that the Magistrate applied a test developed in federal law to resolve the waiver question. According to the Defendant, resolution of the waiver question should have been governed by Florida statutory law which, in Defendant's view, would have resulted in an opposite determination.

■ Though Defendant urges a *de novo* analysis of the issue, it is proper to apply the clearly erroneous standard when reviewing a magistrate's order. Federal Rules of Civil Procedure for the United States District Courts, Rule 72(a) clearly provides:

> A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. The district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order, *and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.* (emphasis added)

*See also,* 28 U.S.C. § 636(b)(1)(A).

In its initial motion for a protective order and its memorandum of law in support of the motion, Defendant Cutter urged the Court to undertake a two-pronged analysis in determining whether a waiver of the attorney-client privilege had occurred. First, the Court was asked to determine whether the memorandum contained an attorney-client communication. If this threshold test was met, the Court was next asked to examine the circumstances surrounding the disclosure. Magistrate Game utilized this two-step approach in reaching his decision.

■ Attorney-client privilege applies if: 1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or [the attorney's] subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by [the attorney's] client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceedings and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *United States v. United Shoe Machinery Corp.,* 89 F.Supp. 357, 358–59 (D.Mass.1950).

Business advice, as opposed to legal advice, is not protected by the attorney-client privilege. *United States v. Davis,* 636 F.2d 1028 (5th Cir.1981).

■ Magistrate Game concluded that the memorandum contained legal advice which was protected by the attorney-client privilege. The document set forth Cutter's house counsel's legal opinion concerning the potential for litigation in an identified area. Further, counsel recommended specific actions to reduce the likelihood of litigation and to lessen adversaries' potential for success.

Having determined that the memorandum was indeed protected by the attorney-client privilege, the Magistrate next examined whether the inadvertent disclosure constituted a waiver of the privilege. The Magistrate recognized that the law governing whether inadvertent disclosure of privileged materials constitutes waiver is not yet settled. Traditionally, cases have held that any disclosure waives the privilege. (*See In re Pebsworth,* 705 F.2d 261, 263–264 (7th Cir.1983). However, waiver has long been defined as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Currently, cases tend to forego an unequivocal determination in favor of a multi-factor approach.

In *Hartford Fire Insurance Co. v. Garvey,* 109 F.R.D. 323 (N.D.Cal.1985), the court outlined what it called "the majority rule on inadvertent production." *Hart-*

*ford,* 109 F.R.D. at 331–32. The factors to be considered are "(1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." *Hartford,* 109 F.R.D. at 332.

Magistrate Game concluded that neither the traditional approach nor the multi-factor analysis would result in a finding favorable to the Defendant. Specifically, the Magistrate identified Cutter's insufficient precautions to protect the confidentiality of the memorandum in question.

The memorandum was produced in a batch of 157 pages of documents in response to a request for production originally made by Plaintiffs over ten months earlier. During that entire period, Cutter, by its own admission, produced a total of approximately 900 pages of documents. The production containing the confidential memorandum was compiled by a paralegal and allegedly reviewed by Cutter's then in-house counsel. It is entirely reasonable to assume that had sufficient precaution mechanisms been in place, Cutter would not have failed to identify and remove a confidential document from a relatively small 157-page production. In this respect, there is no cause to disturb the Magistrate's decision.

After failing to achieve a favorable outcome from the Court's application of federal law, Defendant Cutter then filed a motion for rehearing alleging that Florida law, rather than federal law, should have been applied. However, application of Florida law does not compel a different result.

> Florida Statutes, Section 90.507 provides: A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if he ... voluntarily discloses or makes the communication when he does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication ...

Defendant Cutter argues that "voluntary" as used in the statute, means intentional.

Conversely, Plaintiffs argue that voluntary is to be construed as meaning without compulsion. The statute was construed in *Hamilton v. Hamilton Steel Corp.,* 409 So.2d 1111 (Fla. 4th DCA 1982). According to that court, in Florida "(i)t is black letter law that once the privilege is waived, and the horse is out of the barn, it cannot be reinvoked." *Hamilton,* 409 So.2d at 1114, *citing Florida Statutes Annotated,* section 90.507 and 5 *Erhardt's Florida Practice,* Florida Evidence § 507.1 (1977). Florida would thus seem to be aligned with the traditional view holding that any disclosure, whether inadvertent or intentional, waives the privilege.

Defendant Cutter, however, relies for additional support on Florida Statutes, Section 90.508. This statute provides:

> Evidence of a statement or other disclosure of privileged matter is inadmissible against the holder of the privilege if the statement or disclosure was compelled erroneously by the court or made without opportunity to claim the privilege.

Defendant notes that the statute has never been construed, but cites the "Note" that accompanies the statute in West's *Florida Statutes Annotated:*

> This section prevents the use of privileged information against the holder of the privilege when disclosure of the information was compelled erroneously. While confidentiality, once destroyed, is not susceptible of restoration, prohibiting the use of privileged information against the holder is believed to afford some remedy for the holder's expectation of privacy. 6B *Fla.Stat.Ann.,* § 90.508 at 527.

Defendant's reliance, however, is clearly misplaced. Disclosure of the confidential memorandum was in no way compelled by the Court. Rather, Defendant produced the document in response to a standard discovery request.

Further, the accompanying Note expressly states that "confidentiality, once destroyed, is not susceptible to restoration." 6B *Fla.Stat.Ann.,* § 90.508 at 527. This lends additional credence to the view that

 

Florida intends to follow the traditional view regarding waiver.

Magistrate Game was entirely correct in his view the Cutter did not present any new arguments which could properly persuade the Court that its analysis in the original April 30, 1990 order was in any way inconsistent with Florida privilege law. Accordingly, it is now

ORDERED: (1) The Magistrate's order of April 30, 1990 denying a protective order to Defendant Cutter be affirmed in its entirety, and:

(2) the June 25, 1990 order denying Defendant Cutter's Motion for Rehearing or, in the Alternative, for Modification of the Court's order on Cutter's Motion for Protective Order be affirmed in its entirety.

DONE and ORDERED.