In re Walter DAVIDSON and Marian Davidson, Debtors.

AMERITRUST NATIONAL BANK n/k/a Society Bank & Trust and Robert C. Furr, Trustee, Appellants,

v.

Walter DAVIDSON and Marian Davidson, Appellees.

Nos. 94–8178–CIV, 94–8291–CIV. Bankruptcy No. 92–32673–BKC–SHF. Adv. No. 93–0159–BKC–SHF–A.

United States District Court, S.D. Florida.

Feb. 24, 1995.

Kenneth S. Rappaport, Leslie Scott Osborne, Furr and Cohen, P.A., Boca Raton, FL, for appellants.

Frederic J. Dispigna, Boca Raton, FL, for appellees.

***FINAL ORDER AFFIRMING IN PART AND REVERSING IN PART BANKRUPTCY COURT'S MEMORANDUM DECISION AND JUDGMENT, DATED FEBRUARY 24, 1994, AND REMANDING CASE TO BANKRUPTCY COURT WITH INSTRUCTIONS, AND AFFIRMING BANKRUPTCY COURT'S ORDER DENYING MOTION FOR REHEARING AND/OR TO ALTER OR AMEND THE JUDGMENT, DATED MARCH 9, 1994***

ARONOVITZ, District Judge.

BEFORE THIS COURT is an appeal from the (1) Bankruptcy Court's Memoran-

dum Decision and Judgment, dated February 24, 1994, and (2) Bankruptcy Court's Order Denying Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994.[1]

The Court heard oral argument on the appeal on February 16, 1995, and has carefully considered all briefs submitted on appeal, oral argument of counsel, the entire record, applicable law and is otherwise fully advised in the premises. For the following reasons, it is **ORDERED AND ADJUDGED** that:

1. Bankruptcy Court's Memorandum Decision and Judgment, dated February 24, 1994, is hereby **AFFIRMED IN PART AND REVERSED AND REMANDED IN PART with Instructions: (a) to Consider Debtors' Attorney's Bill and to Determine whether that Bill Provides Proof of Walter Davidson's Intent to Hinder, Delay or Defraud Ameritrust, (b) to Determine Whose Funds Were Used to Purchase the Annuity, and (c) to Determine the Applicability of Florida Statutes § 726.105 and § 726.108.**

2. Bankruptcy Court's Order Denying Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994, is hereby **AFFIRMED in its entirety.**

### *Factual and Procedural Background*

Between May 1990 and September 1990, Ameritrust extended seven different loans, totalling $177,750, to Walter Davidson. Between January 1987 and July 1990, Marian Davidson guaranteed loans up to $172,500. Walter Davidson defaulted on the loans and in August 1991, Ameritrust filed a lawsuit in Indiana seeking a judgment against Walter and Marian Davidson. On December 11, 1991, Marian Davidson sold her home in Indiana to Maurice Norman and then leased the home back paying two years advanced rent ($28,800).

On December 20, 1991, Ameritrust obtained a judgment against Walter and Marian Davidson in the combined amount of $214,759.74. One day earlier, (December 19th) Marian Davidson withdrew $144,766.02 from a Joint Account and purchased a $100,000 Annuity. ("Annuity")

Thereafter, on August 6, 1992, Walter and Marian Davidson ("Debtors") filed a Chapter 7 petition under the Bankruptcy Code. Robert Furr, Trustee and Ameritrust (collectively "Plaintiffs") filed an amended complaint objecting to Debtors' discharge pursuant to 11 U.S.C. §§ 727(a)(2), (4) and (5). In addition, Plaintiffs objected to Debtors' claimed exemptions, including the Annuity.[2]

Plaintiffs contend that Debtors' December 19, 1991 transfer of proceeds from Debtors' Joint Account to purchase the $100,000 annuity was evidence of Debtors' intent to hinder, delay or defraud Ameritrust. In addition, Plaintiffs argue that Debtors' retention of a leasehold interest in the Indiana home and the payment of two years advance rent is further evidence of fraudulent intent.

### *Bankruptcy Court's Memorandum Decision and Judgment*

In its Memorandum Decision, the Bankruptcy Court found that at the time the funds were converted from a non-exempt account to an exempt Annuity (December 19, 1991), Marian Davidson intended to hinder or delay Ameritrust. Pursuant to 11 U.S.C. 727(a)(2), the Bankruptcy Court denied Marian Davidson's discharge.[3]

However, the Bankruptcy Court found that Plaintiffs did not meet their burden of prov-

---

**1.** Appeal Case No. 94–8178–CIV–ARONOVITZ involves an appeal of the Bankruptcy Court's Memorandum Decision and Judgment, dated February 24, 1994, 164 B.R. 782. Appeal Case No. 94–8291–CIV–ARONOVITZ involves an appeal of the Bankruptcy Court's Memorandum Decision and Judgment, dated February 24, 1994, along with the Bankruptcy Court's Denial of Trustee's Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994. On July 22, 1994, this Court granted Trustee's Motion to consolidate both appeals.

**2.** Florida Statute § 222.14 provides in pertinent part:

The case surrender value of ... the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any ... creditor of the person who is the beneficiary of such annuity contract, unless the ... annuity contract was effected for the benefit of such creditor.

**3.** 11 U.S.C. § 727 provides in relevant part:
(a) The court shall grant the debtor a discharge, unless—

ing that Walter Davidson intended to hinder, delay or defraud Ameritrust. As such, the Court did not deny discharge as to Walter Davidson. The Bankruptcy Court went on to conclude that Debtors will not be denied discharge under 11 U.S.C. § 727(a)(4) and (a)(5).[4]

Plaintiffs further objected to Debtors' claim that the Annuity is exempt from the bankruptcy estate. Plaintiffs asserted that the exemption should be disallowed because the Debtors converted the money in the Joint Account to the Annuity with the intent to hinder, delay or defraud. As to this objection, the Bankruptcy Court specifically found that:

> At the time this case was initiated, there was no Florida law providing that a debtor forfeits her right to an exemption as a consequence for fraudulent conduct. [in a footnote, the Bankruptcy Court refers to Florida Statute 222.30, which applies to conversions on or after October 1, 1993. The conversion or Annuity purchase in this case occurred prior to this date] Further, Ameritrust has not sought under Section 548 to avoid the transfer from the Joint Account to the annuity. (footnote omitted) Finally, because there has been no "strong showing of abuse" by the Debtors the Court will not exercise its equitable powers under Section 105 and deny the Debtors' exemption. Because the annuity is exempt under Florida law, Ameritrust's objection to the exemption will be overruled.

See, *Memorandum Decision,* at 12–13.

Plaintiffs appeal from this Memorandum Decision and Judgment, as well as the Bank-

ruptcy Court's Denial of Trustee's Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994.

### *Standard of Review*

In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.,* 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.,* 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach,* 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo* review. *In re Chase & Sanborn Corp.,* 904 F.2d at 593; *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.,* 99 B.R. 682, 684 (D.Md.1989), *affirmed,* 892 F.2d 26 (4th Cir.1989); *citing, In re Hunter Sav. Ass'n,* 34 B.R. 368, 374 (Bankr.

---

(2) the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

  (A) property of the debtor, within one year before the date of the filing of the petition; or

  (B) property of the estate, after the date of the filing of the petition.

**4.** 11 U.S.C. § 727 provides in relevant part:

  (a) The court shall grant the debtor a discharge, unless

  (4) the debtor knowingly and fraudulently, in or in connection with the case—

  (A) made a false oath or account;

  (B) presented or used a false claim;

  (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

  (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

S.D.Ohio 1983), *reversed on other grounds*, 750 F.2d 536 (6th Cir.1984); *In re Hollock*, 1 B.R. 212, 215 (Bankr.M.D.Pa.1979). This Court has applied the appropriate standard of review to the issues presented in this case.

### Appellants Trustee and Ameritrust's Arguments on Appeal

Appellants argue that like Marian Davidson, Walter Davidson should be denied discharge pursuant to 11 U.S.C. § 727(a)(2). Contrary to the Bankruptcy Court's finding, Appellants argue that there is sufficient extrinsic evidence to find that Walter Davidson had the requisite intent to hinder, delay, or defraud Ameritrust at the time of transfer.

In particular, Appellants argue that Mr. Davidson permitted his own funds to be withdrawn from his account (Joint Account). Mr. Davidson then delivered the $100,000 cashier's check to the agent handling the Annuity purchase. (L.H. Bayley of David A. Noyes Company) Appellants argue that Mr. Davidson knew a substantial judgment against the Davidsons was imminent, that Mr. Davidson owed Ameritrust $177,000, and that Mr. Davidson assisted and permitted the Annuity purchase.[5]

Next, Appellants argue that the Bankruptcy Court erred in not allowing into evidence Debtors' attorney's bill which indicated legal research had been performed for the Davidsons regarding annuities one month prior to the purchase of the Annuity. Appellants argue that the bill should have been allowed in as a hearsay exception pursuant to Federal Rule of Evidence 801(d)(2)(D). Further, Appellants argue Debtors waived any attorney-client privilege since the bill was turned over to a third party. *Citing, In re Hillsborough Holdings Corporation*, 132 B.R. 478 (Bankr. M.D.Fla.1991).

Finally, Appellants argue that the Bankruptcy Court erred as a matter of law in overruling Plaintiffs' objection to Debtors' claimed Annuity exemption. Appellants contend the Bankruptcy Court overruled Plaintiffs' objection on the grounds the Court believed it lacked authority pursuant to 11 U.S.C. § 522 or Florida Statutes § 222 to overrule such exemption.

Appellants contend that *In re Lunday*, 100 B.R. 502 (Bankr.D.N.D.1989) supports sustaining their objection to the Debtors' claimed Annuity exemption. In particular, *In re Lunday* stated:

The rule, while not absolute, is that a debtor's conversion of non-exempt property to exempt property on the eve of bankruptcy even if done for the express purpose of placing it beyond the reach of creditors, will not deprive the debtor of the exemption unless such transfer was done with the actual intent to hinder, delay or defraud creditors in violation of § 727(a)(2).

*Id.* at 507 (citations omitted).

Appellants argue that the Bankruptcy Court in this case made an express finding that fraudulent conduct had occurred. Appellants further rely on Judge Paskay's decision in *In re Schwarb*, 150 B.R. 470 (Bankr. M.D.Fla.1992) wherein Judge Paskay held that:

After further research and consideration, this Court is satisfied that a showing that the conversion of a non-exempt asset into an exempt asset for the specific purpose of placing the asset out of the reach of creditors is sufficient to deprive a debtor of his right to claim that property as exempt.

*Id.* at 473.

Appellants argue that the Bankruptcy Court had authority to deny Debtors' claimed exemptions and its failure to do so constituted manifest error of law. Appellants request that this Court reverse the Bankruptcy Court, and deny Walter Davidson's discharge and deny the Debtors' claim of exemptions.

---

**5.** The Bankruptcy Court, however, specifically found:

The evidence presented as to Walter Davidson's intent was that he talked with L.H. Bayley about different investments for his wife's funds and that he delivered Marian Davidson's check to Bayley for the purchase of the Annuity. The Debtors also testified that the funds were Marian Davidson's and that Walter Davidson had no interest in the funds. *See, Memorandum Decision,* at 8.

### Appellees Debtors' Arguments on Appeal

Appellees argue that the Bankruptcy Court was correct in allowing a discharge as to Walter Davidson pursuant to § 727(a)(2). The Bankruptcy Court found that Appellants failed to meet their burden of proving that Walter Davidson intended to hinder, delay or defraud Ameritrust. Appellees contend that the only evidence on the issue was that Walter Davidson talked to L.H. Bayley about different investments for his wife's funds and that he delivered Marian Davidson's check to Bayley for the purchase of the Annuity. The Court accepted Debtors' testimony that the funds were Marian Davidson's and that Walter Davidson had no interest in the funds. These findings, Appellees submit, are not clearly erroneous.

Appellees argue that the Bankruptcy Court properly excluded their attorney's bill because it is hearsay and because it falls within the attorney-client privilege. Appellees assert that even if this Court were to find that the bill is admissible, the trial court's exclusion would be harmless error because it would tend to show Marian Davidson was aware of the Florida annuity exemption laws and the Court already denied discharge as to Marian Davidson.

Appellees argue that the Bankruptcy Court was correct in overruling Plaintiffs' objection to Debtors' claimed exemptions. Appellees state that when debtor claims a state-created exemption, the scope of the claim is determined by state law. *Hanson v. First Nat'l. Bank in Brookings*, 848 F.2d 866 (8th Cir.1988). In this case, Appellees assert that there was no limitation on the annuity exemption based upon the intent of the debtor at the time Debtors filed their petition.

### Appellees Debtors' Two Issues on Cross–Appeal

Appellees argue that the Bankruptcy Court erred in denying discharge as to Marian Davidson. In this regard, Appellees first argue that the conversion of a non-exempt asset to an exempt Annuity does not constitute a "transfer" under § 727(a)(2). Appellees argue that when a debtor invests money in an annuity, he or she is merely changing the form in which the asset is held

and there is no "transfer" or "disposing of or parting with an interest in property" under 11 U.S.C. § 101(54).

Second, Appellees argue that there was insufficient extrinsic evidence of fraud to deny Marian Davidson a discharge under § 727(a)(2). The Bankruptcy Court found that:

> It is well established that the mere conversion of non-exempt assets is not to be considered fraudulent unless other extrinsic evidence of fraudulent intent is present.

*See, Memorandum Decision,* at 5.

Appellees assert, however, that fraud is lacking in this case since the only two reasons Marian Davidson gave for moving funds to the Annuity were that (1) she needed income to live on and (2) she feared Ameritrust might put a hold on her account.

Appellees request that this Court reverse the Bankruptcy Court's denial of Marian Davidson's discharge and affirm the remainder of the Bankruptcy Court's Memorandum Decision and Judgment.

### Appellants' Response to Cross-appeal

Appellants argue that the conversion of non-exempt assets to exempt assets constituted a "transfer" under § 727(a)(2). The "transfer" in this case was money from a joint bank account in the names of Walter Davidson and Marian Davidson to an Annuity in the sole name of Marian Davidson. Appellants further assert that there was sufficient evidence to deny Marian Davidson a discharge.

### Discussion

**The Bankruptcy Court Properly Denied Marian Davidson a Discharge Pursuant to 11 U.S.C. § 727(a)(2)**

■ This Court has conducted a *de novo* review of the Bankruptcy Court's conclusion that Marian Davidson should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2). Federal bankruptcy law governs entitlement to a discharge under 11 U.S.C. § 727(a)(2), (4), and (5). *See, In re Levine*, 139 B.R. 551, 554 (Bankr.M.D.Fla.1992) (a debtor's right to a discharge, unlike the right to an exemption,

is determined by federal law, not state law). In particular, § 727(a)(2) provides in relevant part:

> The court shall grant the debtor a discharge, unless the debtor, with the intent to hinder, delay, or defraud a creditor ... has transferred ... property of the debtor, within one year before the date of the filing of the petition.

In this case, Marian Davidson caused non-exempt funds from a Joint Account to be used to purchase an exempt Annuity ($100,-000) on December 19, 1991, within one year prior to the filing of the Chapter 7 petition on August 6, 1992.

The Bankruptcy Court agreed with *Matter of Bowyer*, 916 F.2d 1056 (5th Cir.1990) [6] and *Matter of Smiley*, 864 F.2d 562 (7th Cir. 1989), that it is not necessary that a debtor's conduct reach the level of **fraud** before the discharge can be denied under Section 727(a)(2). Instead, the Bankruptcy Court held that there must be a showing that at the time of the transfer the debtor intended to **hinder or delay** a creditor. The Bankruptcy Court found that Marian Davidson gave two reasons for moving funds from the Joint Account to the purchase of the Annuity. The Court specifically found:

> First, she needed income on which to live and, second, she feared that Ameritrust might put a hold on her account. This testimony shows that Marian Davidson had a particular creditor in mind when she bought the Annuity with the non-exempt funds. It also shows that she was looking out for her future well-being.

*See, Memorandum Decision*, at 7.

The Bankruptcy Court then concluded that:

> at the time the funds were converted from a non-exempt account to an exempt annuity, which was the day before Judgment was entered, Marian Davidson intended to hinder or delay Ameritrust. Therefore,

pursuant to Section 727(a)(2) Marian Davidson's discharge is denied.

*See, Memorandum Decision*, at 7.

The evidence below clearly established that the Annuity was purchased because Marian Davidson feared that Ameritrust might garnish or put a hold on her account.[7] This shows an intent to hinder or delay, which is sufficient to deny Marian Davidson a discharge under § 727(a)(2). Accordingly, this Court finds that the Bankruptcy properly denied Marian Davidson a discharge pursuant to § 727(a)(2).

■ Moreover, the Court rejects Appellees' argument that the conversion of a non-exempt asset to an exempt Annuity in this case did not constitute a "transfer" under § 727(a)(2). The Court agrees with the Bankruptcy Court that the purchase of the Annuity constituted a "transfer" under 11 U.S.C. §§ 727(a)(2) and 101(54).[8] *See, Matter of Smiley*, 864 F.2d at 565 ("The definition of transfer is as broad as possible ... [a] deposit in a bank account or similar account is a transfer." *quoting*, S.Rep. No. 95–989, 95th Cong., 2d Sess. 26–27 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5813).

**The Bankruptcy Court's Ruling Which Allowed Walter Davidson a Discharge Pursuant to 11 U.S.C. § 727(a)(2) is REVERSED and REMANDED with Instructions: (1) to Consider Debtors' Attorney's Bill and Determine Whether that Bill Provides Proof of Walter Davidson's Intent to Hinder, Delay or Defraud Ameritrust, and (2) to Determine Whose Funds Were Used to Purchase the Annuity**

■ The Bankruptcy Court found that Plaintiffs did not meet their burden of proving that Walter Davidson intended to hinder, delay or defraud Ameritrust. However, the

---

**6.** This Court recognizes that the decision in *Matter of Bowyer*, 916 F.2d 1056 (5th Cir.1990), was *superseded* by *Matter of Bowyer*, 932 F.2d 1100 (5th Cir.1991).

**7.** See, Trial Transcript 12/29/93, at 85–89, 93.

**8.** 11 U.S.C. § 101(54) defines "transfer" under the code as:

> "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

Bankruptcy Court failed to consider and allow into evidence Debtors' attorney's bill which allegedly established that Walter Davidson requested research on annuity law prior to the purchase of the Annuity.

■ Upon review, this Court finds that the bill should have been allowed in as a hearsay exception pursuant to Federal Rule of Evidence 801(d)(2)(D).[9] Further, the Court finds that Debtors waived any attorney-client privilege since the bill was turned over to a third party. *In re Hillsborough Holdings Corporation,* 132 B.R. at 481 (where the information is turned over to the third party for reasons unrelated to seeking or rendering legal advice, the attorney-client privilege is waived).

■ Accordingly, on remand, the Bankruptcy Court is instructed to consider whether the bill establishes that Walter Davidson requested research on annuity law prior to the Annuity purchase and whether the bill provides proof that Walter Davidson thereby intended to hinder, delay or defraud Ameritrust.

The Court further notes that the Bankruptcy Court held that funds from Debtors' Joint Account where used to purchase a $100,000 Annuity in Marian Davidson's name. The Bankruptcy Court stated that the funds "were Marian Davidson's and that Walter Davidson had no interest in the funds." *See, Memorandum Decision,* at 8. The Bankruptcy Court also found that $55,000 was placed in the Joint Account and the remainder of the sale proceeds [from Marian Davidson's Indiana home] $94,586.05 was placed in Debtors' Joint Account. From this Court's review of the proceedings below, it is difficult to see how the Bankruptcy Court determined that funds taken from the "Joint Account" to purchase the Annuity were solely Marian Davidson's funds. Accordingly, the issue of whose funds were used to purchase the Annuity is hereby remanded to the Bankruptcy Court to determine and/or hold an evidentiary hearing on this issue. Resolution of the source of funds used to purchase the Annuity

is directly related to the issue of whether Walter Davidson intended to hinder, delay or defraud Ameritrust.

■ The Bankruptcy Court further determined that Debtors shall not be denied discharge under 11 U.S.C. § 727(a)(4) and (5). In particular, the Court found certain omissions from Debtors' bankruptcy schedules were either not material or that Debtors were not required to list the sale of jewelry because the sale occurred more than one year prior to the bankruptcy filing. The Bankruptcy Court also found that Marian Davidson's testimony and the evidence supporting her testimony provided an adequate explanation of the loss of $30,000. Upon review, this Court agrees and affirms the Bankruptcy Court's findings and conclusions that Debtors should not be denied discharge under 11 U.S.C. § 727(a)(4) and (5).

**The Bankruptcy Court's Order Overruling Plaintiffs' Objections to Debtors' Claimed Exemptions is REVERSED and REMANDED with Instructions to Determine the Applicability of Florida Statutes § 726.105 and § 726.108**

■ This Court has conducted a *de novo* review of the Bankruptcy Court's conclusion that Plaintiffs' Objections to Debtors' exemptions should be overruled. In Florida, exemptions to which a debtor is entitled are governed by state law. *See, In re Levine,* 139 B.R. at 553 (in most states, including Florida, the exemptions to which a debtor is entitled are governed by state law, since under § 522(b) of the Bankruptcy Code, a state can choose to "opt out" of the exemptions provided by federal law and choose instead to set their own allowable exemptions).

■ In overruling Plaintiffs' objection to Debtors' claimed Annuity exemption, the Bankruptcy Court focused on the fact that Florida Statute § 222.30 was not in effect at the time the Annuity was purchased. Florida Statute § 222.30(2) provides that:

9. Federal Rule of Evidence 801(d) provides in relevant part:
A statement is not hearsay if—(2) The statement is offered against a party and is (D) a statement

by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Any conversion by a debtor of an asset that results in the proceeds of the asset becoming exempt by law from the claims of a creditor of the debtor is a fraudulent asset conversion as to the creditor, whether the creditor's claim to the asset arose before or after the conversion of the asset, if the debtor made the conversion with the intent to hinder, delay, or defraud the creditor.

Because Section 222.30 only applies to a transfer or conversion *occurring on or after October 1, 1993,* and the Annuity purchase in this case occurred prior to this date, the Bankruptcy Court concluded that:

> At the time this case was initiated, there was no Florida law providing that a debtor forfeits her right to an exemption as a consequence for fraudulent conduct.

*See, Memorandum Decision,* at 12.

This legal conclusion is incorrect in light of the following statutes. Florida Statutes § 726.105 and § 726.108, effective at the time of the Annuity purchase, would appear to enable Ameritrust to avoid the transfer or Annuity purchase. In particular, Florida Statute § 726.105 provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

As noted herein, the Bankruptcy Court in this case found that:

> at the time the funds were converted from a non-exempt account to an exempt annuity, which was the day before Judgment was entered, Marian Davidson intended to hinder or delay Ameritrust.

*See, Memorandum Decision,* at 7.

Accordingly, based upon the Bankruptcy Court's own findings, the Annuity purchase in this case would appear to be "fraudulent" under Florida Statute § 726.105. Moreover, Florida Statute § 726.108(1) provides:

In an action for relief against a transfer or obligation under ss. 726.101–726.112, a creditor [Ameritrust] ... may obtain:

> (a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

Due to the apparent applicability of Florida Statutes § 726.105 and § 726.108, the Bankruptcy Court's Memorandum Decision and Judgment which overrules Plaintiffs' Objections to Debtors' claimed exemptions is REVERSED AND REMANDED to the Bankruptcy Court to consider the applicability of § 726.105 and § 726.108 to the case at bar.[10]

Finally, the Bankruptcy Court's Order Denying Trustee's Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994, is AFFIRMED since the parties never presented arguments as to this Order.

In summary and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that:

1. Bankruptcy Court's Memorandum Decision and Judgment, dated February 24, 1994, is hereby **AFFIRMED IN PART AND REVERSED AND REMANDED IN PART with Instructions: (a) to Consider Debtors' Attorney's Bill and Determine Whether that Bill Provides Proof of Walter Davidson's Intent to Hinder, Delay or Defraud Ameritrust, (b) to Determine Whose Funds Were Used to Purchase the Annuity, and (c) to Determine the Applicability of Florida Statutes § 726.105 and § 726.108.**

2. Bankruptcy Court's Order Denying Motion for Rehearing and/or to Alter or Amend the Judgment, dated March 9, 1994, is hereby **AFFIRMED in its entirety.**

DONE AND ORDERED.

---

**10.** Because the Court finds that this case needs to be remanded to the Bankruptcy Court to consider the applicability of Florida Statutes § 726.105 and § 726.108, this Court does not need to address whether the rationale in *In re Schwarb, supra,* should be followed in this case.