VANN, HAROLD R., Associate Judge.
Final judgment entered in favor of Smith on her cross-claim against Bruce is reversed. We find that the trial court improperly excluded evidence on the issue of whether Bruce and Smith had reached a settlement agreement. In all other respects, the final judgment is affirmed.
On April 14, 1978, Beider and Bruce entered into a real estate contract wherein Beider was to purchase a condominium unit from Bruce. Smith was the real estate broker representing the seller. Beider placed a deposit of $8,500.00 into Smith’s escrow account. When the deal did not close, Beider sued both Smith and Bruce to get back his deposit. Beider claimed that Bruce breached the contract by failing to show evidence of good title within the time period specified in the contract. Smith answered and filed a cross-claim and counterclaim contending, respectively, that if Bruce breached the contract Smith was entitled to the full broker’s commission ($5,100.00) and if Beider breached the contract, Smith was entitled to retain half the deposit.
*809 Shortly after her cross-claim was filed, Smith entered into settlement negotiations with Sam Sardinia, Bruce’s president. Smith agreed to dismiss her cross-claim against Bruce if Bruce signed another contract to sell the condominium to another buyer procured by Smith and to pay Smith an attorney’s fee of $500.00.[1] A joint stipulation encompassing the settlement agreement was signed by the attorneys for Smith and Bruce.[2] On March 26, 1979, Judge Wetherington denied Bruce’s motion to enforce the stipulation after hearing argument that the stipulation had not been properly executed by all parties prior to the withdrawal by Smith of her settlement “offer.”[3] Subsequently, Judge Wetherington disqualified himself and the cause was assigned to Judge Simons. At pre-trial conference, Judge Simons ruled that the order denying Bruce’s motion to enforce stipulation was the law of the case. Judge Simons determined that he would not enforce the “settlement stipulation” and precluded Bruce from presenting evidence at trial concerning the existence of any settlement agreement between Bruce and Smith.[4] On June 14, 1980, Judge Simons entered final judgment in favor of Beider on his complaint for the return of deposit.[5] Also, the court found in favor of Smith on her cross-claim against Bruce. From that final judgment, Bruce has appealed to this court.
We hold that evidence concerning the existence of a settlement agreement between Bruce and Smith should have been admissible at trial. We rule that the settlement agreement would be enforceable as to the cross-claim filed by Smith against Bruce. This is so, quite simply, because the stipulation was executed by attorneys for Bruce and Smith.[6] The fact that Beider or his attorney did not sign the stipulation would not compel a different result. Here, Beider was not a party to the settlement negotiations between Bruce and Smith. Thus, any settlement would be enforceable against Bruce and Smith even though Beider did not sign the stipulation. Cf., Alaimo v. Tirone, 297 So.2d 584 (Fla. 3d DCA 1974). Where representations of counsel indicate a dispute as to whether a binding settlement has been reached, both parties should be given a full and fair opportunity to prove their version of the proposed settlement. The trial court’s failure to permit Bruce to prove the existence of a settlement agreement, properly framed by the pleadings, was error and should be reversed.
The final judgment in favor of Smith on her cross-claim against Bruce is reversed and remanded. In all other respects, the final judgment is affirmed.

. That sale subsequently fell through.

. Bruce pled that settlement agreement as an affirmative defense to Smith’s cross-claim. In her reply to Smith’s affirmative defenses, Smith alleged that the settlement offer was withdrawn before it was accepted and was unenforceable due to a failure of consideration.

. At the hearing on Bruce’s motion to enforce stipulation, no evidence was presented as to the agreement between Bruce and Smith. Judge Wetherington merely heard argument and summarily denied the motion.

. At trial, Bruce proffered the sworn depositions of Smith and Sam Sardinia concerning the existence of settlement agreement between Smith and Bruce. Smith’s deposition confirmed that Smith had proposed the settlement to Sardinia who accepted same on behalf of Bruce.

. Judge Simons heard the cause non-jury.

. See Fla.R.Civ.P. 1.030(d), repealed effective July 1, 1979, which provides in pertinent part as follows:
“(d) STIPULATIONS. No private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged