409 So.2d 1111 (1982)
Dennis HAMILTON, Margaret Hamilton, and Hamilton Machine Corporation, Appellants,
v.
HAMILTON STEEL CORPORATION, Etc., et al., and National Bonding and Accident Insurance Company, Appellees.
No. 81-307.
District Court of Appeal of Florida, Fourth District.
February 3, 1982.
Rehearing Denied March 4, 1982.
*1112 Dianne Weaver of Weaver & Weaver, P.A., and Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellants.
Alan C. Brandt, Jr., and M. Daniel Hughes of Chappell, Brandt & Gore, P.A., Fort Lauderdale, for appellees.
LETTS, Chief Judge.
This is an appeal from a trial court ruling that, where single counsel represents multiple defendants and some of those defendants invoke the attorney-client privilege, neither the single counsel, nor any of the other defendants (even those who waive the privilege) may testify about an alleged privileged communication concerning authority and assent to settle a law suit. We reverse.
Several adult children went into the boat building business, but could not function without a performance bond. To obtain one, they, or one of them, either forged, or obtained, their parents' guarantee of the bond issued through the Insurance Company. The venture was unsuccessful and the Insurance Company brought suit against the parents, the children and their respective corporations.
At an early hearing, the single defense counsel, who purportedly then represented all the defendants, announced a settlement and expounded at length to the judge on quite a complex solution. Its bottom line, since the children were without funds, called for the parents to be responsible for a $100,000 pay off secured in part by a mortgage and note on their homestead. One of *1113 the children was present at this motion and acquiesced to the settlement. At the conclusion of that hearing, counsel agreed to order and file a transcript of the proceedings, same to stand in place of an order on the stipulation. As a consequence no formal order was ever entered.
Thereafter the parents allegedly discovered[1] the existence of the settlement for the first time and filed affidavits denying all knowledge of it and sought to have it set aside. There is an abundance of other facts, motions and orders not deemed essential to our purpose which all culminated in the Insurance Company filing a motion to compel and for entry of a judgment based on the settlement, all defendants by now represented by separate counsel. More motions and hearings followed including an attempt to take single counsel's deposition, whereat all the children invoked the attorney-client privilege and the deponent refused to testify even though the parents waived their right to the privilege. All this resulted in the trial court's ruling that:
"the manifest weight of available authority precludes an attorney representing two or more clients from testifying about privileged communications over the objection of one or more of his former clients... . That absent a unanimous waiver of the attorney-client privilege by all parties defendant ... none of the parties may testify about communications within the embrace of the ... privilege."
Pursuant thereto the trial court entered judgment on the settlement in favor of the Insurance Company, intoning that it was "inequitable to this set of circumstances" to place the burden of establishing assent to the settlement on the Insurance Company and that the case of Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977), which holds that such a burden is placed on the party asserting the validity of the settlement, "doesn't apply to this set of facts." As the court further noted "it can't be right that [it] has the burden yet gets the door slammed in [its] face." As the court also noted, it was simply not fair to place the burden of establishing assent on the plaintiff Insurance Company, yet permit the defense to frustrate that burden by invoking the privilege so that the Insurance Company could not carry it. We agree with this last reasoning, but adopt a different viewpoint as to the solution. To us it is not Nehleber v. Anzalone, supra, which does not apply here, for we think it does, it is the attorney-client privilege which is inapplicable.
The all important deposition at which the former single counsel refused to answer any questions relative to his authority to settle because the children invoked the privilege, although the parents waived it, took place after the adoption of Florida's Evidence Code.[2] We have read Section 90.502(4)(c) and (e), Florida Statutes (1979) and are of the opinion that both of these remove the privilege under the facts of this case.
Subsection (4)(c) states: "there is no lawyer-client privilege under this section when ... a communication is relevant to an issue of breach of duty by the lawyer to his client... ." Such a breach of duty is exactly what is at issue here i.e. did the lawyer have the authority and assent of all of his clients to enter into the settlement or did he breach his duty as to some of them.
We are also of the opinion that subsection (4)(e) applies to negate the privilege because that subsection excludes "a communication ... relevant to a matter of common interest between two or more clients ... if the communication was made by any of them to a lawyer retained or consulted in common when offered in a civil action between the clients... ." (emphasis supplied) It seems abundantly clear that this communication was of common, even if adverse, interest between two or more clients *1114 and was made by some (viz. any) of them to a lawyer jointly retained or consulted.
Our conclusion is shored up by two Florida cases Dominquez v. Citizens Bank, 62 Fla. 148, 56 So. 682 (1911) and Ogden v. Groves, 241 So.2d 756 (Fla. 1st DCA 1970) which both came to the same conclusion as the two subsections of the above cited statute. Noticeably the Insurance Company ignores both of these cases and, for that matter, both subsections of the statute in its answer brief. We agree that these two cases are not on all fours because they both involve fact situations where single counsel formerly represented both the original plaintiff and defendant, whereas before us now the same counsel represented multiple defendants only. However, it seems to us that the principle is the same.
We have still another reason for our conclusion in this case. To us it would appear that even if a privilege would have existed, it was waived in this instance. It is black letter law that once the privilege is waived, and the horse out of the barn, it cannot be reinvoked.[3] In the instant case, single counsel showed up at a hearing and publicly announced on behalf of all his clients all of the details of the settlement. Later some of his clients and he himself now claim certain of the details of that same settlement to be "confidential." We cannot agree, for the settlement, supposedly in its entirety, had already been publicly announced to third parties, including the judge, at the settlement hearing. An explanation of any inconsistencies now appearing must be forthcoming outside of any claim of privilege.
Our decision does not leave the Insurance Company without a remedy for although we adhere to the Nehleber v. Anzalone doctrine, we agree with the trial judge that it would be manifestly unfair to ask the Insurance Company to carry an impossible burden, and it would set bad precedent. No court should countenance an announced settlement between counsel followed by escape therefrom, if one side arbitrarily reneges and then seals his counsel's lips by invoking the attorney-client privilege. It seems obvious that the Insurance Company must be allowed to attempt to carry its burden in a case such as this and we instruct the single counsel that there is no attorney-client privilege on this issue and direct him to testify as to this matter upon any resumption of his deposition. Likewise the parents may testify as to their knowledge or consent, as can the children.
We have no idea who will turn out to be the villains, but presumably the defendants and or their counsel will have redress against each other if any wrongdoing is uncovered.
Meanwhile if the immediate outcome as to the authority and assent of single counsel to settle is decided adversely to the Insurance Company's interests, it may proceed to trial upon its main claim and let justice take its course. We would observe it would have been better practice for both sides to have had confirmation in writing by all parties to the settlement.
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] The Insurance Company suggests a "ratification" of the settlement, but that was not the reasoning of the trial judge and the issue is not here considered.
[2] After several false starts an effective date of July 1, 1979 was adopted. See In re Florida Evidence Code, 376 So.2d 1161 (Fla. 1979).
[3] F.S.A. § 90.507; 5 Erhardt's Florida Practice, Florida Evidence § 507.1 (1977).