641 So.2d 515 (1994)
Edgar GORDON, Petitioner,
v.
ROYAL CARIBBEAN CRUISES LTD., etc., et al., Respondent.
No. 94-989.
District Court of Appeal of Florida, Third District.
August 31, 1994.
*516 Cooper & Wolfe, P.A., Sharon L. Wolfe and Charles R. Lipcon, Miami, for petitioner.
Robert D. Peltz, Miami, for respondent.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
Petitioner EDGAR GORDON ("GORDON") seeks the issuance of a writ of certiorari to quash the trial court's order requiring an evidentiary hearing on whether the parties hereto reached a settlement during mediation.
In this action, the parties were ordered to mediation pursuant to court order. The mediator submitted a report to the trial court which indicated that the parties reached a total impasse on all issues and all issues required court action. In a Motion for Sanctions and/or to Enforce Settlement, however, respondent ROYAL CARIBBEAN CRUISES LTD ("ROYAL CARIBBEAN") claims that a settlement was reached between the parties and seeks to have the trial court review a document which purports to be the settlement agreement.
ROYAL CARIBBEAN seeks to establish that the purported settlement agreement is binding even though GORDON did not execute the same because GORDON'S counsel executed the agreement in GORDON'S presence at the mediation. GORDON denies that a settlement agreement was reached herein and contends that the substance of all communications during the mediation is privileged from disclosure pursuant to Fla. Stat. § 44.102(3)[1] and that pursuant to Fla. R.Civ.P. 1.730,[2] the purported settlement *517 agreement was invalid without GORDON's signature.
The trial court ordered an in camera inspection of the purported settlement agreement and an evidentiary hearing on ROYAL CARIBBEAN's motion. In so doing, we find that the trial court departed from the essential requirements of the law.
In order for a settlement agreement reached during mediation to be binding, Fla.R.Civ.P. 1.730 clearly mandates that it be reduced to writing and executed both by the parties and their respective counsel, if any. We find that an attorney's signature alone, albeit in the presence of the client, is wholly insufficient under this rule. The cases relied upon by ROYAL CARIBBEAN, Nichols v. Martell, 612 So.2d 657 (Fla. 3d DCA 1993); Hamilton v. Hamilton Steel Corp. 409 So.2d 1111 (Fla. 4th DCA 1982); Bruce Investment Corp. v. Beider, 400 So.2d 808 (Fla. 3d DCA 1981) did not involve settlement agreements reached during court ordered mediation and accordingly, are inapposite herein.
Since it is clear that the parties hereto did not effectuate a settlement agreement in accordance with the dictates of Fla. R.Civ.P. 1.730(b), the confidentiality afforded to parties involved in mediation proceedings must remain inviolate. Royal Caribbean v. Modesto, 614 So.2d 517 (Fla. 3d DCA 1992) (purported oral settlement agreement reached during mediation failed to satisfy the rule); Hudson v. Hudson, 600 So.2d 7 (Fla. 4th DCA 1992) (a party's written unsigned version of the settlement agreement signed by the mediator was insufficient to permit disclosure).
Accordingly, we issue the writ of certiorari and quash the order below.
NOTES
[1] Fla. Stat. § 44.102(3) provides that:

Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing communications made during such proceeding. Notwithstanding the provisions of § 119.14, all oral or written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119 and shall be confidential and inadmissible as evidence in any subsequent legal proceeding unless all parties agree otherwise. This exemption is subject to the Open Government Sunset Review Act in accordance with § 119.14.
[2] Fla.R.Civ.P. 1.730 provides in pertinent part that:

(a) No agreement. If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation... .
(b) Agreement. If an agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any. The agreement shall be filed when required by law or with the parties' consent. .. .
(c) Imposition of Sanctions. In the event of any breach or failure to perform under the agreement, the court upon motion may impose sanctions, including costs, attorneys' fees, or other appropriate remedies including entry of judgment on the agreement.