699 So.2d 855 (1997)
CITY OF DELRAY BEACH, Appellant,
v.
Gloria KEISER, as Personal Representative of the Estate of Morris Menachem, deceased, Sally Brownstein, Lucrecia Cuervo Granados Snyder, etc., et al., Appellees.
No. 96-2396.
District Court of Appeal of Florida, Fourth District.
October 1, 1997.
David N. Tolces, Assistant City Attorney, Delray Beach, for appellant.
Natascia Ayers of Alan J. Hodin, P.A, Miami, for appellees Gloria Keiser and Sally Brownstein.
David P. Lister of Bernard H. Butts, Jr., P.A., Hialeah, for appellee Lucrecia Cuervo Granados Snyder.
MAY, MELANIE G., Associate Judge.
This appeal highlights the necessity of dotting "i's" and crossing "t's" or, in other words, "detailsdetails." The appellees alleged that the City of Delray Beach had been negligent in failing to maintain a stop sign, which directly caused an automobile accident resulting in the death of the appellees' decedent. The City denied liability, and claimed that the Mall had installed and maintained the stop sign on the Mall's property. Nevertheless, the trial court denied the City's motion for summary judgment.
Subsequently, the parties participated in mediation. At the mediation, a handwritten memorandum was prepared, which set forth the terms of a settlement. The City Attorney signed the document; the appellees did not. The City Commission had not approved the settlement prior to the mediation, and subsequently voted against payment of the settlement amount. The appellees then filed a motion to enforce the settlement agreement. The trial court granted the motion, entered final judgment against the City, and subsequently awarded attorneys fees and costs against the City without further hearing. From the judgments, the City appeals, and raises the trial court's denial of its Motion for Summary Judgment.
Rule 1.730 provides in part:
(b) Agreement. If a partial or final agreement is reached, it shall be reduced to *856 writing and signed by the parties and their counsel, if any.
There is no dispute that neither party actually signed the handwritten memorandum. Rather, the appellees argue that the lack of signatures is a mere technical "detail" that should be overlooked since the City Attorney did not dispute that an agreement was reached.
In support of its position, the appellees cite Jordan v. Adventist Health System/Sunbelt, Inc., 656 So.2d 200 (Fla. 5th DCA), rev. denied, 663 So.2d 630 (Fla.1995). In Jordan, the Fifth District found that the lack of signatures by counsel was a technical "detail". The court refused to allow the parties, who had signed a typewritten settlement agreement, to renege. In this case, however, neither the appellees nor the City actually signed the agreement. We do not find that the lack of the parties' signatures in this case to be a technical "detail." Rather, it is quite clear that the Rule 1.730 requires the parties' signatures and they simply did not exist in this case.
The Third District Court of Appeal addressed a similar issue in Gordon v. Royal Caribbean Cruises Ltd., 641 So.2d 515 (Fla. 3rd DCA 1994). In Gordon, the Third District found that counsel's signature, even when executed in the presence of the party, was insufficient to satisfy the signature requirement of Rule 1.730. We agree with the Third District's reasoning in Gordon. We find that the trial court committed error in enforcing this settlement agreement.
Because there was no mediation settlement agreement to enforce, Rule 1.730 does not support the imposition of fees and costs in this matter. In addition, the trial court's perfunctory manner in awarding fees and costs against the City without the opportunity to be heard compounded the error. Sclafano v. Sclafano, 627 So.2d 1173 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 626 (Fla. 1994). The award of fees and costs is therefore reversed.
The City has also raised the propriety of the trial court's denial of its motion for summary judgment. We have reviewed the record and agree that it supports the entry of summary judgment for the City. The evidence clearly shows that the Mall, not the City, undertook to place and maintain the stop sign on the Mall's property. Under these facts, the City had no duty. Reese v. South Florida Water Management Dist., 677 So.2d 1370 (Fla. 4th DCA 1996), rev. denied, 689 So.2d 1071 (Fla.1997).
The orders enforcing the mediation settlement and awarding fees and costs against the City are reversed and the case is remanded for entry of summary judgment in favor of the City.
REVERSED and REMANDED.
GUNTHER, J., concurs.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting.
Settlements of civil lawsuits deserve the greatest protection from judges. See, e.g., Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985) ("[S]ettlements are highly favored and will be enforced whenever possible."); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981) ("[A] stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court. This is especially true of settlement agreements which are highly favored in the law."). In short, it is the policy of this state to encourage settlements and enforce them whenever it is possible to do so.
It is thus not surprising that there is nothing in the mediation statute[1] or rules[2] purporting to make court ordered mediation the exclusive procedure by which cases may be settled and settlement agreements enforced by the court. The mediation statute was obviously intended to establish a formal settlement mechanism for every civil suit, but it surely was not intended to displace all other procedures for the parties to end their dispute on some mutually agreeable basis. Hence, noncompliance with the provisions of the mediation rules simply means that the *857 settlement is not covered by the mediation rules.
At the same time, the failure to settle a case under the mediation statute and rules does not bar a court from enforcing a settlement agreement under common law contract principles. This much is made abundantly clear to me by subsection (b) of section 44.102, which states:
"Sections 45.061 and 768.79 notwithstanding, an offer of settlement or an offer or demand for judgment may be made at any time after an impasse has been declared by the mediator, or the mediator has reported that no agreement was reached."
If mediation were exclusive and preëmptive, why permit the parties to settle under the offer of judgment statutes[3] after mediation has failed to produce an agreement?
In this case the court could have properly concluded that the written memorialization of the settlementexecuted only by agents of the partieswas nevertheless binding against the principals under ordinary agency law. We should therefore affirm the enforcement of the settlement agreement and deem the summary judgment issue moot.
NOTES
[1] See § 44.102, Fla. Stat. (1995).
[2] See Fla.R.Civ.P. 1.700-1.750.
[3] The offer of judgment statutes merely add the strong inducement of attorney's fees to ordinary contract principles in an effort to promote settlements. Similarly, there is nothing in the offer of judgment statutes displacing any other means for effecting and enforcing a settlement.