COPE, J.
Joanne Tobias, Personal Representative of the Estate of Francis Tobias, appeals an order enforcing settlement and dismissing the action with respect to defendant-appel-lee Velma Barnaby. We affirm.
The personal representative filed suit against the defendants-appellees. She alleged that the two defendant corporations had been hired to provide in-home health care for her late mother, Francis Tobias. Defendant-appellee Velma Barnaby was a home health care worker who provided services to the decedent. The complaint alleged that defendant Barnaby stole jewelry while working in the home.
Defendant All County filed a motion to enforce settlement. The motion asserted that a settlement had been reached between the personal representative and defendant All County for the sum of $15,000, a release of claim against the two corporations, and certain other terms. The settlement was outlined in correspondence between counsel, attached to the motion.
The motion asserted that despite the reaching of a settlement agreement, the personal representative had refused to execute the settlement documents. The personal representative’s position was that she had not authorized the settlement.
The trial court scheduled an evidentiary hearing at which the personal representative, her counsel, and All County’s counsel testified. After hearing the evidence, the court ruled that there was an enforceable settlement. This appeal follows.
The personal representative argues that there had been no meeting of the minds and therefore no enforceable settlement had been reached. We concur with the trial court that the terms outlined in the correspondence, and testified to at the hearing, were sufficiently clear and definite in the essential terms. See Metropolitan Dade County v. Estate of Hernandez, 591 So.2d 1124 (Fla. 3d DCA 1992).
The personal representative argues that the trial court should not have allowed her to waive the attorney-client privilege with regard to the question whether she *555 had given her counsel authority to settle. There is no merit to this claim.
The personal representative testified at some length at the hearing regarding the settlement negotiations. The personal representative stated that she had told her counsel to negotiate the best deal that he could come up with, and that she would consider it. She denied actually giving her counsel authority to settle.
When the personal representative had concluded her testimony, the judge asked counsel for the personal representative for his version of the events. Counsel stated he could not testify regarding the question of authority unless the personal representative waived the attorney-client privilege. The personal representative promptly did so.
Counsel then confirmed a good deal of what the personal representative had said. Counsel testified, however, that after the terms had been fully negotiated with All County, the personal representative had, in fact, agreed to the settlement. The trial court resolved the conflict in testimony in favor of counsel’s version of events, and ruled that there was an enforceable agreement.
In this point on appeal, the personal representative is saying in substance that the court should have intervened to stop her from waiving the privilege. We see no basis for this claim. The personal representative was the holder of the privilege and could waive it.
The more important point is that the personal representative had already waived the privilege as a matter of law by making the assertion that her counsel had settled the case without authority. Writing about this circumstance, the late Judge Letts said, “No court should countenance an announced settlement between counsel followed by escape therefrom, if one side arbitrarily reneges and then seals his counsel’s lips by invoking the attorney-client privilege.” Hamilton v. Hamilton Steel Corp., 409 So.2d 1111, 1114 (Fla. 4th DCA 1982).
Judge Letts explained that this follows from the terms of the Evidence Code. The relevant provision
states: “there is no lawyer-client privilege under this section when ... a communication is relevant to an issue of breach of duty by the lawyer to his client....” Such a breach of duty is exactly what is at issue here i.e. did the lawyer have the authority and assent of all of his clients to enter into the settlement or did he breach his duty as to some of them.
409 So.2d at 1113 (citing § 90.502(4)(c), Fla. Stat.).
We thus conclude that there was a waiver of the privilege on the issue of authority to settle, as a matter of law. It was immaterial whether the personal representative waived the privilege at the eviden-tiary hearing — although under the legal principles just cited, she was entirely right to do so.
The personal representative argues that the trial court should have granted a continuance of the hearing on motion to enforce settlement, because on the day of the hearing, her counsel filed a motion to withdraw. However, neither the personal representative nor her counsel made a request for a continuance. Instead, the personal representative, her counsel, and All County’s counsel attended the evidentiary hearing and proceeded to address the merits. The personal representative’s counsel was not allowed to withdraw until the conclusion of the proceeding. Under the circumstances, we see no fundamental error *556 on the part of the trial court in allowing the hearing to proceed.*
The personal representative objects to the terms of the order enforcing settlement. She reads the order as having exonerated the corporate defendants from any further responsibility, because the personal representative refused to proceed with the settlement.
The corporate defendants have made clear in their brief that they do not so interpret the trial court’s order, and have given their assurance that they will perform their previously agreed settlement obligations. We therefore direct that the fifteen-day time frame for performance of the parties’ obligations under the settlement agreement will run from the issuance of the mandate in this case.
The trial court dismissed the lawsuit with prejudice as to the remaining defendant as a sanction for other misconduct in the case. We conclude that the findings of willfulness are sufficient. See Commonwealth Federal Savings & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990). We conclude that the dismissal was within the court’s discretion. See Desimone v. Old Dominion Ins. Co., 740 So.2d 1233 (Fla. 4th DCA 1999); Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999); Mendez v. Blanco, 665 So.2d 1149 (Fla. 3d DCA 1996); O'Vahey v. Miller, 644 So.2d 550 (Fla. 3d DCA 1994).
After suffering the adverse rulings, the personal representative filed a motion for disqualification of the trial judge. The motion was properly denied. “Florida law has clearly established that the receipt of adverse judicial rulings is a legally insufficient basis for the disqualification of the trial judge.” Johnson v. Johnson, 725 So.2d 1209, 1216 (Fla. 3d DCA 1999).
Affirmed.

 It appears the personal representative takes the view that if she had obtained other counsel, other counsel would have advised her to invoke the attorney-client privilege and to decline to discuss her conversations with counsel regarding authority to settle. But as already explained, the invocation of privilege would not have been well taken and the claim of privilege would have been overruled.