882 So.2d 461 (2004)
Virginia T. SCOTT, Appellant,
v.
James TISCHLER and Shelley Tischler, his wife, Appellees.
No. 4D03-2010.
District Court of Appeal of Florida, Fourth District.
September 1, 2004.
*462 Virginia T. Scott, Jupiter, pro se.
No brief filed for appellee.
GROSS, J.
Virginia Scott appeals the circuit court's order denying her motion to vacate the order dismissing her case. We reverse, because the dismissal order was based on a settlement agreement that had not been signed by all the parties to the agreement.
The case was settled in mediation. Among the terms listed in the handwritten summary of the settlement agreement was that mutual releases were to be executed "by all parties including Robert Watkins and Ann Frances Watkins" and that settlement was "contingent upon execution of this agreement by [the Watkins] within 5 days of this agreement."
The Watkins never signed the settlement agreement. Nonetheless, the trial court dismissed the case on January 15, 2003, retaining jurisdiction to enforce the settlement and giving the parties twenty-five days to "prepare and file a detailed settlement agreement should they elect to do so."
On January 21, 2003, Scott moved to vacate the dismissal, arguing that it had been prematurely entered because the Watkins neither agreed to the settlement nor signed the agreement. The Watkins also moved to vacate the dismissal of their counterclaim. On April 22, 2003, the trial court denied Scott's motion to vacate; however, the court granted the Watkins' motion and allowed them to proceed on their counterclaim.
The trial court abused its discretion by denying the motion to vacate the order of dismissal. On this record, there is no dispute that essential terms of the settlement were not met  two parties to the settlement refused to sign off on the mediated settlement agreement. The signatures were required by the agreement itself, as well as by the Florida Rules of Civil Procedure. In City of Delray Beach v. Keiser, 699 So.2d 855 (Fla. 4th DCA 1997), this court held that the trial court erred in enforcing a settlement agreement that had not been signed by all the parties to the agreement. We wrote that the lack of the parties' signatures on the agreement was not a mere "technical `detail,'" but a requirement of Florida Rule of Civil Procedure 1.730. Id. at 856; see also Gordon v. Royal Caribbean Cruises, Ltd., 641 So.2d 515, 517 (Fla. 3d DCA 1994) (holding that party's failure to sign a settlement agreement rendered it "wholly insufficient" and not in compliance with rule 1.730(b)).
Reversed and remanded.
FARMER, C.J., and MAY, J., concur.