994 So.2d 494 (2008)
MASTEC, INC., Appellant,
v.
Rolando CUE, Appellee.
No. 3D08-1040.
District Court of Appeal of Florida, Third District.
November 12, 2008.
*495 Richard A. Sherman, Sr., Fort Lauderdale; and Acosta Strommen and Julio C. Acosta, Miami and Jill M. Strommen, for appellant.
Leonardo A. Canton, Coral Gables, for appellee.
Before SHEPHERD, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
The defendant, Mastec, Inc. ("Mastec"), appeals from an order denying its motion to enforce an alleged settlement with the plaintiff, Rolando Cue ("the plaintiff"). We affirm.
In December 2007, the plaintiff's personal injury lawsuit proceeded to mediation, and Mastec alleges that the parties agreed to a $100,000 settlement at that time. However, it is undisputed that the alleged mediation agreement was not reduced to writing and signed by the parties in accordance with Florida Rule of Civil Procedure 1.730(b).[1] Based upon this fact, the trial court denied Mastec's ensuing motion to enforce the settlement and for sanctions.
On appeal, Mastec directs this Court's attention to Jordan v. Adventist Health System/Sunbelt, Inc., 656 So.2d 200 (Fla. 5th DCA 1995), for the proposition that the absence of a writing containing the plaintiff's signature is a technical detail which this Court may ignore. In Jordan, the parties to the mediation reached a settlement after extensive negotiations. Id. at 201. A preliminary agreement was reduced to writing and signed by the parties, but the agreement was not signed by counsel. Id. Thereafter, Dr. Jordan argued that because rule 1.730(b) requires that a mediation agreement be signed by the parties' counsel, if any, the preliminary agreement he signed was unenforceable. Id. at 201-02. The Fifth District held that Dr. Jordan could not avoid the agreement by relying on the "technical detail[ ]" in the Rules of Civil Procedure requiring the signature of the parties' counsel. Id. at 202.
The Jordan court, however, carefully distinguished the factual situation involved in Gordon v. Royal Caribbean Cruises, Ltd., 641 So.2d 515 (Fla. 3d DCA 1994). Jordan, 656 So.2d at 202. In Gordon, Royal Caribbean sought to enforce a mediation agreement against a client who did not sign the agreement, although his counsel did. Gordon, 641 So.2d at 516. This Court held that the signatures of the parties are necessary, and "an attorney's signature alone, albeit in the presence of his client, is wholly insufficient under [rule 1.730(b)]." Id. at 517.
Accordingly, we conclude that the lack of a written agreement signed by both parties was more than a mere technical deficiency, and that the alleged mediation settlement is unenforceable. On the authority of Florida Rule of Civil Procedure *496 1.730(b), and this Court's Gordon decision, the trial court's order is affirmed in all respects.
Affirmed.
NOTES
[1] Rule 1.730(b) provides in relevant part as follows: "If a partial or final agreement is reached, it shall be reduced to writing and signed by the parties and their counsel, if any.... No agreement under this rule shall be reported to the court except as provided herein." (Emphasis added).