POLEN, J.
 

 Appellant, Michael Dean, appeals a final judgment of the trial court granting Appel-lee, Rutherford Mulhall, P.A.’s Motion for Entry of Final Judgment and ordering Dean to pay the law firm $32,000. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A) (2008).
 

 In December 2007, Rutherford Mulhall filed a complaint alleging that Dean failed to pay for legal services provided to him in the amount of $24,236.29. Dean answered that the fees charged were excessive. In March 2008, the parties attended mediation and, after three hours, failed to reach an agreement. The mediator reported to the trial court that the parties agreed to continue working toward a resolution.
 

 Rutherford Mulhall later filed its Motion for Final Judgment and attached a purported Mediated Settlement Stipulation (the “Settlement Agreement”). The Settlement Agreement provided that Dean would pay Rutherford Mulhall $22,000 in forty-six payments. In addition, the Settlement Agreement stated that if Dean failed to make timely payments, a final judgment in the amount of $32,000 would be entered against him. Representatives of Rutherford Mulhall and Dean’s attorney signed the Agreement, but Dean did not sign. Rutherford Mulhall stated in its motion that Dean orally agreed to the terms in the written Settlement Agreement.
 

 After a hearing, the trial court granted Rutherford Mulhall’s Motion for Final Judgment and ordered Dean to pay $32,000, in effect a $10,000 penalty. Dean then filed a Notice of Appeal. The record on appeal includes neither a transcript of the trial court’s hearing on the Motion for Final Judgment nor a stipulated statement of those proceedings.
 

 Dean argues on appeal that the lower court’s reliance on the purported Settlement Agreement was reversible error. He claims that the trial court erred in granting Rutherford Mulhall’s Motion for Final Judgment because the decision was based on a purported Settlement Agreement between Dean and Rutherford Mulhall that Dean did not execute. We agree and reverse and remand the trial court’s decision.
 

 Florida Rule of Civil Procedure 1.730(b), regarding completion of media
 
 *286
 
 tion, states that “[n]o agreement under this rule shall be reported to the court” unless,
 
 inter alia,
 
 the agreement is “reduced to writing and signed by the parties and their counsel, if any.” Fla. R. Civ. P. 1.730(b) (2008). Florida courts consistently have held that a supposed settlement agreement resulting from mediation cannot be enforced absent the signatures of all parties.
 
 E.g., Freedman v. Fraser Eng’g & Testing, Inc.,
 
 927 So.2d 949, 953 (Fla. 4th DCA 2006);
 
 City of Delray Beach v. Reiser,
 
 699 So.2d 855, 856 (Fla. 4th DCA 1997);
 
 Gordon v. Royal Caribbean Cruises, Ltd.,
 
 641 So.2d 515, 516 (Fla. 3d DCA 1994).
 

 For instance, in
 
 Gordon,
 
 the petitioner sought issuance of a writ of certiorari to quash the trial court’s order requiring an evidentiary hearing on whether the parties reached a settlement during their mediation. 641 So.2d at 516. The respondent sought to establish that a purported Settlement Agreement was binding, even though the petitioner did not sign, because the petitioner’s attorney executed the document in his presence at the mediation.
 
 Id.
 
 The court in
 
 Gordon
 
 held that “an attorney’s signature alone, albeit in the presence of the client, is wholly insufficient under [Rule 1.730].”
 
 Id.
 
 at 517.
 

 Similarly, in the present case, Dean’s attorney signed the purported Settlement Agreement, as did representatives of Rutherford Mulhall, but Dean did not sign.
 
 See id.
 
 Because Dean did not sign the Settlement Agreement, under the rule articulated in
 
 Gordon,
 
 the Settlement Agreement did not bind Dean.
 
 See id.
 

 Rutherford Mulhall argues that the decision of the trial court must be affirmed because
 
 Applegate v. Barnett Bank of Tallahassee
 
 requires an appellant to show reversible error on the face of the record when the record excludes a trial transcript. 377 So.2d 1150, 1152 (Fla.1979). Dean failed to include either a transcript of the motion hearing or a stipulated statement of the proceedings below in the record on appeal. Nevertheless, the record reveals reversible error on its face.
 
 See id.
 
 While the record may be less than complete, it is not insufficient. The record shows that the trial court relied on a Settlement Agreement that Dean did not sign in ordering him to pay $32,000 to Rutherford Mulhall. Florida law requires that a party sign a settlement agreement before it can be enforced against him.
 
 E.g.,
 
 Fla. R. Civ. P. 1.730(b);
 
 Gordon,
 
 641 So.2d at 517. Thus, on the face of the record, the trial court committed reversible error.
 
 See Applegate, 2,11
 
 So.2d at 1152.
 

 Reversed and remanded.
 

 WARNER, J., and KAPLAN, MICHAEL G., Associate Judge, concur.