DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IAN GARDNER,**
Appellant,

v.

**WOLFE & GOLDSTEIN, P.A., CHUTNEY ENTERPRISES, INC.,** a Florida Corporation, **WEST SUNRISE DEVELOPMENT CORPORATION,** a Florida corporation, **THOMAS AUSTIN** and **MARK GOLDSTEIN,**
Appellees.

No. 4D13-4344

[July 29, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE09026257.

Ian Gardner, Boca Raton, pro se.

Edward J. O'Sheehan of Shutts & Bowen LLP, Fort Lauderdale, for appellee Chutney Enterprises, Inc.

PER CURIAM.

Ian Gardner appeals an order granting a motion to enforce a mediated settlement agreement, which he never agreed to and did not sign. We reverse.

Florida Rule of Civil Procedure 1.730(b) requires that mediated agreements be reduced to writing and signed by the parties. We considered a nearly identical claim in *Dean v. Rutherford Mulhall, P.A.*, 16 So. 3d 284, 286 (Fla. 4th DCA 2009). There, as here, the parties entered into mediation and arrived at an agreement, but Dean, a party, did not sign it. Nevertheless, the trial court entered an order enforcing the agreement. On appeal, we reversed, relying on Rule 1.730(b), and noting, "Florida courts consistently have held that a supposed settlement agreement resulting from mediation cannot be enforced absent the signatures of all parties." *Id.* at 286. Moreover, we granted the relief despite the absence of a transcript of the hearing, because the record on its face showed that the party had not signed the agreement. On the same

basis, we reverse the order enforcing the settlement agreement in the present case.

*Reversed.*

WARNER, LEVINE and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**