DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORTH BROWARD CHIROPRACTIC AND WELLNESS CENTER, INC.**
a/a/o **CRISTINA CORRIDORI,**
Appellant,

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**
Appellee.

No. 4D21-328

[August 11, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case No. CONO18-7121, CACE19-5560.

Michelle J. Kane of Kane Lawyers, PLLC, Delray Beach, and Scott J. Edwards of Scott J. Edwards, P.A., Boca Raton, for appellant.

Rebecca L. Delaney and Scott W. Dutton of Dutton Law Group, P.A., Tampa, for appellee.

PER CURIAM.

Appellant North Broward Chiropractic and Wellness Center, Inc. ("North Broward"), as the assignee of Cristina Corridori, appeals the county court's summary disposition and final judgment in favor of appellee Government Employees Insurance Company ("GEICO"). The central issue in this case is whether a personal injury protection ("PIP") insurer can apply the policy deductible to bills after adjusting the charges in line with the applicable fee schedules in 627.736(5)(a)1., Florida Statutes (2018), *see State Farm Mut. Auto. Ins. Co. v. Care Wellness Ctr., LLC*, 240 So. 3d 22, 31 (Fla. 4th DCA 2018), or whether section 627.739, Florida Statutes (2018), requires a PIP insurer to apply the deductible to 100 percent of the billed expenses, *see Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr. a/a/o Jonathan Parent*, 236 So. 3d 1183, 1192 (Fla. 5th DCA 2018).

In the underlying proceedings, the trial court followed the procedure approved by this court in *Care Wellness*, which conflicted with the Fifth District's decision in *Progressive Select*. During the pendency of these

proceedings, the Florida Supreme Court approved the Fifth District's calculation method:

> Section 627.739(2) requires the deductible to be subtracted from "100 percent" of expenses and losses, not 75% of a provider's customary charges. We therefore hold that, when calculating the PIP benefits due an insured, the deductible must be subtracted from the total medical charges before applying the reimbursement limitation in section 627.736(5)(a)1.b. Accordingly, we approve *Progressive* and disapprove *Care Wellness.*

*Progressive Select Ins. Co. v. Fla. Hosp. Med. Ctr.*, 260 So. 3d 219, 226 (Fla. 2018).

GEICO asserts that this court is limited in its ability to review the trial court's grant of summary disposition for GEICO because there is no transcript of the pre-trial conference proceeding wherein that ruling was made. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). GEICO also notes that the trial court's order denying North Broward's motion for rehearing contains no reasoning. However, the Explanation of Review ("EOR") documents GEICO submitted at trial, which are part of the record on appeal, show that it applied the fee schedule authorized by section 627.736(5)(a)1.f. to North Broward's total charges and then applied Corridori's $500.00 PIP deductible. This is the procedure disapproved by the Florida Supreme Court in *Progressive Select*, 260 So. 3d at 226. Accordingly, the error in this case is apparent on the face of the record. *See Dean v. Rutherford Mulhall, P.A.,* 16 So. 3d 284, 286 (Fla. 4th DCA 2009).

We reverse the final judgment and remand for the trial court to calculate the PIP benefits due as provided by the Florida Supreme Court in *Progressive Select*, 260 So. 3d at 226.

*Reversed and remanded with instructions.*

KLINGENSMITH, KUNTZ, and ARTAU, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

2